IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| **DARRIE D. RUMPH**, *Plaintiff*, v. **UNITED STATES OF AMERICA**, *Defendant*. | Civil Action<br><br>File No. |

**COMPLAINT FOR DAMAGES**
*FEDERAL TORT CLAIMS ACT*

Plaintiff, Darrie D, Rumph ("Rumph"), by counsel, for his Complaint against the United States of America, defendant, states as follows:

**INTRODUCTION**

1.

This is an action against the Defendant United States of America under the Federal Tort Claims Act (FTCA), 28 U.S.C. §2671, *et seq.* and 28 U.S.C. §1346, for professional negligence in connection with medical care provided to Plaintiff Rumph by the Department of Veterans Affairs at the Charlie Norwood Veterans Affairs Medical Center, Augusta, Georgia.

2.

The claims herein are brought against the Defendant pursuant to the Federal Tort Claims

Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's professional negligence.

3.

Plaintiff Rumph has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act in that plaintiff timely submitted his claim to the Department of Veterans Affairs on August 9, 2016. *Standard Form 95, August 9, 2016 (redacted and without accompanying exhibits) attached as Exhibit A.*

4.

By letter dated February 6, 2017, plaintiff Rumph was informed by the Department of Veterans Affairs his claim had been denied. *Administrative Tort Claim Denial Letter, February 6, 2017, attached as Exhibit B.*

5.

Within six (6) months of the denial, Plaintiff Rumph requested reconsideration of his claim, on August 3, 2017. *Request for Reconsideration (redacted and without accompanying photo exhibits), August 3, 2017 attached as Exhibit C.*

6.

The Department of Veterans Affairs received the plaintiff's Request for Reconsideration on August 3, 2017 by facsimile transmission. *Facsimile Transmission Confirmation, August 3, 2017 attached as Exhibit D.*

7.

The Department of Veterans Affairs acknowledged receipt of the plaintiff's Request for Reconsideration by letter dated September 1, 2017. *Letter Confirmation, September 1, 2017 attached as Exhibit E.*

8.

Plaintiff Rumph is now filing this Complaint pursuant to 28 U.S.C. § 2401(b) as more than six months have passed without the Department of Veterans Affairs issuing a final decision on the administrative complaint.

**PARTIES, JURISDICTION AND VENUE**

9.

Plaintiff Rumph is, and at all times relevant hereto was, an honorably discharged veteran of the United States Army residing in Houston County, Georgia.

10.

Defendant United States of America, through its agency, the Department of Veterans Affairs, operates the Charlie Norwood Veterans Affairs Medical Center located at Augusta, Georgia.

11.

Defendant United States of America, including its directors, officers, operators, administrators, employees, agents, servants and staff at the Charlie Norwood Veterans Affairs Medical Center are hereinafter collectively referred to as "Augusta VAMC."

12.

At all times relevant to this Complaint, the Augusta VA Medical Center held themselves out to the Plaintiff and eligible beneficiaries as a provider of high quality health care services for veterans of the United States Armed Services, beneficiaries, and certain others, with the expertise necessary to maintain the health and safety of patients like the Plaintiff.

13.

At all times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, servants and staff were employed by and/or acting on behalf of the Defendant.

14.

Defendant is responsible for the negligent acts of their employees, agents and servants under respondeat superior and pursuant to the Federal Tort Claims Act.

15.

Jurisdiction is proper under 28 U.S.C. § 1346(b)(l).

16.

Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred at the Augusta VAMC located at Augusta, Georgia in the Southern District of Georgia.

**FACTUAL ALLEGATIONS**

17.

On January 12, 2016, Mr. Rumph, an incomplete quadriplegic (C-4, ASIA A spinal cord injury), was admitted to the Spinal Cord Unit of the Augusta VAMC.

18.

On or about January 18, 2016, an intravenous antibiotic medication administration line was incorrectly placed in the soft tissue of Mr. Rumph's left lower extremity. The health professional inserting the PICC line and the nurses and doctors and others overseeing this procedure negligently failed to recognize that the PICC line missed the vein thus allowing medication to infiltrate (i.e., penetrate or invade) into the soft tissue and muscle areas of Mr. Rumph's left foot and left lower extremity.

19.

On or about January 21, 2016, antibiotic medication was administered through the incorrectly placed line.

20.

As a result of the incorrect placement of the line, the antibiotic medication infiltrated into the surrounding soft tissue.

21.

The health professional administering antibiotic medication through the incorrectly placed line and the nurses and doctors and others overseeing the administration of medication through the incorrectly placed line negligently failed to timely recognize and identify the infiltration.

22.

The delay of health professionals responsible for the care and safety of Mr. Rumph negligently allowed infiltrate into the soft tissue and muscle areas of Mr. Rumph's left foot and left lower extremity.

23.

By the time the infiltrating medication was discovered, it had caused what are essentially second and third degree burns to the soft tissue and blistering of the skin.

24.

Debridement of the affected area and further treatment were required.

25.

Additionally, Mr. Rumph has endured significant mental and emotional distress and trauma as a result of his injuries.

**ADMISSION OF PROFESSIONAL NEGLIGENCE AND CAUSATION OF DAMAGES**

26.

Plaintiff Rumph realleges and reincorporates each and every allegation above as if fully set forth herein.

27.

On March 1, 2016, E.J. Stincer MD, for the Augusta VAMC, disclosed to Mr. Rumph and his spouse, Martha Rumph, "On 1/21/16 an IV that had been placed in Mr. Rumph's left foot for antibiotic administration infiltrated. This was not identified in a timely manner and by the time it was discovered it had caused blistering of the skin. This has now necessitated debridement of this area and further treatment of this wound, which may prolong his hospitalization." *Progress Note (redacted), March 1, 2016 attached as Exhibit F*.

28.

On March 1, 2016, E.J. Stincer MD, for the Augusta VAMC, disclosed to Mr. Rumph and his spouse, Martha Rumph, "The infiltration of the IV should have been identified earlier as per established procedure." *Exhibit F*.

## EXPERT MEDICAL TESTIMONY OF BREACH

29.

Harvey Jones, MD, a Georgia licensed medical doctor, reviewed the plaintiff's medical records of the Augusta VAMC pertinent to this action. In his review Dr. Jones recognized, ". . . the professional inserting the PICC line and the doctor overseeing this procedure failed to recognize that the PICC line missed the vein and was draining out into the soft tissue and muscle areas of Mr. Rumph's foot and lower ankle." *Affidavit of Harvey Jones, MD (without accompanying exhibits), August 3, 2017, ¶ 4, attached as Exhibit G.*

30.

It is my opinion that the nurses and doctors of the VA hospital responsible for Mr. Rumph's care failed to follow proper procedure and therefore were negligent in failing to follow the standard of care required of nurses and physicians of like education and experience within the state of Georgia. It is my opinion that the breach of the standard of care by these nurses and doctors responsible for Mr. Rumph's care was the proximate cause of injuries he suffered and these injuries, in my opinion, are permanent. *Affidavit of Harvey Jones, MD, ¶ 6, attached as Exhibit G.*

31.

Photographs of the wounds to the left foot and ankle, some of which were made at the Augusta VAMC and were reviewed by Harvey Jones, MD as part of the medical records of the Augusta VAMC, are attached hereto. *Photographs of left ankle and foot, Jan. 21, 2016, Feb. 3, 2016 and a later date, attached as Exhibit H.*

## COUNT I

## *PROFESSIONAL NEGLIGENCE*

32.

Plaintiff Rumph realleges and reincorporates each and every allegation above as if fully set forth herein.

33.

The defendant's employees had a duty to Mr. Rumph to exercise the degree of care and skill as, under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally.

34.

The defendant's employees breached their duty of care to Mr. Rumph:

a) by placing an intravenous line in Mr. Rumph's left foot outside of a vein;

b) by failing to timely identify and correct the incorrectly placed intravenous line;

c) by administering medication through an intravenous line incorrectly placed outside of a vein;

d) by failing to timely identify and stop infiltration of the medication; and

e) by failing to diligently supervise the professionals performing the above actions.

35.

As a direct and proximate result of Defendant's professional negligence, Mr. Rumph

sustained serious and permanent personal injuries in and about his body, other damages, and will continue to incur other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

36.

The negligent acts and/or omissions set forth above would constitute a claim under the law of the State of Georgia.

37.

The Defendant is liable pursuant to 28 U.S. C. 1346(b)(1).

## COUNT II

### *VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY*

38.

Plaintiff Rumph realleges and reincorporates each and every allegation above as if fully set forth herein.

39.

At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, and staff of the Augusta VAMC were employed by and/or acting on behalf of

the Defendant.

40.

At all relevant times to this Complaint, the directors, officers, operators, administrators, employees, agents and staff of the Augusta VAMC acted within their respective capacities and scopes of employment or agency for the Defendant.

41.

The directors, officers, operators, administrators, employees, agents and staff of the Augusta VAMC negligently and/or recklessly, directly and proximately caused personal injury to Mr. Rumph, including both acts of omission and acts of commission.

42.

As a direct and proximate result of Defendant's professional negligence, Mr. Rumph sustained serious and permanent personal injuries in and about his body, other damages, and will continue to incur other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future.

43.

The acts and/or omissions set forth above would constitute a claim under the law of the State of Georgia.

44.

The Defendant is liable pursuant to 28 U.S.C. 1346(b)(l).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Darrie Rumph does hereby pray that judgment be entered in his favor and against the Defendant as follows:

a. General damages, pain and suffering, future impairment, and loss of enjoyment of life totaling $1,000,000.00; and

b. Costs and attorney fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

Respectfully submitted this 6th day of April, 2018.

                                       **GRIST LAW FIRM**

                                       /s/ ***Joel Grist***
                                       JOEL GRIST
                                       Georgia Bar No. 312740
                                       *Attorney for Plaintiff*

Suite 102, 915 Hill Park
Macon, Georgia 31201
Macon Phone: (478) 741-0024
Toll Free: (877) 257-1580
Fax: (866) 929-7419
Email: TruckLawyer@gmail.com